UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SWIFT INDUSTRIES, INC. d/b/a <br> CARDINAL SAWS & BLADES <br><br> Plaintiff, <br><br> V. <br><br> HUSQVARNA AB, <br> HUSQVARNA PROFESSIONAL <br> OUTDOOR PRODUCTS INC., and <br> SOFF-CUT INTERNATIONAL INC. <br><br> Defendants. | CIVIL ACTION NO. <br><br> 2:07-CV-04631-PD |

### SOFF-CUT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL SWIFT TO RESPOND TO DISCOVERY REQUESTS AND TO PRODUCE NON-PRIVILEGED DOCUMENTS

Swift's Brief in Opposition to Soff-Cut's Motion to Compel necessitates this short reply:

**I. Swift's Approach to Discovery.**

Swift's portrait of itself as a party that has cooperated fully and in good faith throughout the discovery process does not withstand serious scrutiny. Soff-Cut served its initial written discovery on Swift on February 20, 2008. It was not until August 1, 2008, *i.e.*, five months later, that Swift produced any meaningful quantity of responsive documents that were within its possession, custody or *control*. The fact that some of those documents

may have physically resided in locations other than Swift's premises, *i.e.*, the offices of Swift's prior lawyers, did not obviate Swift from its duty to produce those documents, and for Swift to have declined to have done so – as its Brief suggests it was entitled to do – would have been improper.

Thereafter, Soff-Cut attempted to follow up on short-comings in Swift's discovery responses on numerous occasions in the fall of 2008, all to no avail. *See*, Soff-Cut's Memorandum in Support of its Motion to Compel [Dkt. No. 127] at 3-4 and exhibits referenced therein. In response, Swift stalled, declined to engage in meaningful "meet and confers" or to otherwise honor its discovery obligations until early December of 2008. *Id.* at 4-5.

At that point, discovery proceedings were suspended for approximately two months in light of Mr. Andrew Zuzelo's health situation. When discovery "re-opened" in February 2009, Soff-Cut began to press Swift for discovery in light of the pending cut-offs. *Id.* at 6-7. When Swift again refused to be forthcoming, this Motion to Compel was filed. In response to Soff-Cut's Motion to Compel, Swift finally (i) produced approximately 250 pages of summary financial information that Soff-Cut had been seeking since February of 2008 and (ii) agreed to provide

LEGAL02/31241418v1

substantive responses to much of the additional discovery that was the subject of Soff-Cut's motion.[1]

Thus, for Swift to represent, as it repeatedly does, that it has co-operated at every turn in the discovery process borders on being frivolous. In point of fact, over a year has passed since Soff-Cut initiated discovery, and Swift still has not provided all of the information Soff-Cut seeks or that Swift has agreed to provide.

## II. Privilege Issues.

*First*, Swift concedes that it has taken diametrically opposing positions for purposes of asserting the attorney-client privilege and analyzing the collateral estoppel effects of prior judicial decisions with respect to whether it is a successor-in-interest to Cardinal Industries Inc. and Green Machine Corporation. For purposes of asserting the attorney-client privilege, Swift maintains that it is the successor-in-interest to those two businesses and is therefore entitled to assert the privilege with respect to documents Swift obtained from Cardinal and Green Machine. However, when confronted with the collateral estoppel (issue preclusion) effects of

---

[1] Swift's agreement to provide written responses and documents responsive to Soff-Cut's discovery came only after the parties' conference call with the Court on the afternoon of March 27, 2009, and the Court's direction to the parties to discuss their discovery disputes prior to the Court addressing Soff-Cut's Motion to Compel.

- 3 -

aligning itself as a successor-in-interest to Cardinal and Green Machine, Swift does a 180 degree about-face and disavows any connection. Plainly, Swift cannot have it both ways.

There is simply no basis for Swift to assert that it is the successor-in-interest to Cardinal and Green Machine for purposes of asserting the privilege but to simultaneously claim that it is not a successor-in-interest with those companies for purposes of determining whether collateral estoppel applies. If this results in, as Swift contends, a choice between "Scylla and Chrybdis," it is a choice that Swift has created for itself by taking flatly inconsistent positions. It is not, however, "gotcha" litigation. Simply put, Swift either is or is not a successor-in-interest to Cardinal and Green Machine (and the evidence strongly suggests that it is).[2] If Swift is a successor-in-interest to Cardinal and Green Machine, certain legal consequences follow; if it is not, certain other legal consequences follow.

*Second*, the hypothetical posed at the top of page 10 of Swift's Brief is nonsense. Husqvarna (and Soff-Cut) have always maintained that Soff-Cut is the successor-in-interest to Chiuminatta Concrete Concepts. Unlike Swift, Husqvarna and Soff-Cut have never attempted to play games with the nature of that relationship by contending that claim construction rulings in prior

---

[2] *See*, for example, Soff-Cut's Brief in Support of its Motion for Summary Judgment [Dkt. 129] at 2, 7, 17-20.

litigation that were binding on Chiuminatta are not as binding on Soff-Cut as they would be on Chiuminatta had Soff-Cut never acquired it.

*Third*, while the adequacy of Swift's pre-production screening of documents for privilege (and thus whether the production in fact constituted an *unintentional disclosure* of privilege information) is debatable, Soff-Cut has not argued that Swift's prior production of those privileged documents constitutes a waiver necessitating their production.

## III. Soff-Cut's Other Discovery Requests.

Swift has continued to refuse to produce the following materials:

### 1. Materials related to the "Big Foot" saw.

It is undisputed that Swift has designed a second saw for cutting green concrete which it has dubbed "Big Foot." Whether that machine remains in strictly a "design" stage is dubious, given the advertising that Swift has generated with respect to it. *See* Exhibit W to Soff-Cutt's Brief in Support of Its Motion to Compel [Dkt. 127]; *see also*, Exhibit X hereto, a 2006 excerpt from Swift's web site advertising saw blades for use on Big Foot Machines. Without regard to its stage of development, however, it is clear that the Big Foot machine is based on the design features of Swift's accused product, *i.e.*, the Green Machine, and that documents relating to the design of Big Foot are thus relevant to infringement issues. *See, e.g. D.R. Sys. USA,*

*Inc. v. Fujifilm Med. Sys. USA, Inc.*, No. 06CV417JLS(NLS), 2008 WL 1734241, at *3 (S.D. Cal. April 10, 2008) (overruling relevancy objections to discovery directed to products reasonably similar to the accused products); *Epicrealm, Licensing, LLC v. Autoflex Leasing, Inc.*, No. 2:05-CV-163-DF-CMC, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007) (the scope of discovery in patent case may include products "reasonably similar" to accused products).

### 2. Information related to saws Swift designed and manufactured since 2001.

Swift's concern that the production of such materials might raise issues with respect to its right to assert the attorney-client privilege for Cardinal and Green Machine documents in its possession, custody or control is a red herring. Swift does not contend that these materials are subject to the privilege, nor does there appear to be any reasonable basis upon which to do so. Rather, the issue is whether Swift does or does not have this information. If it does, it should be produced. If that has other adverse consequences for Swift with regard to its assertion of the attorney-client privilege or its ability to distance itself from Cardinal and Green Machine, then those are not reasons to withhold the information from production. Quite to the contrary, they underscore the reasons why the materials should be produced.

### 3. Information related to corporations controlled by Edward Zuzelo.

Swift concedes at page 20 of its Brief that the information Soff-Cut seeks is at least "tangentially" relevant to issues of damages and issue preclusion. Swift's suggestion that the true motivation for securing these materials relates to enforcement of a prior judgment is yet another red herring. Having conceded the relevancy of the information, it should be produced. That the information might also relate to other issues is beside the point.

Moreover, Swift's argument that collateral estoppel is not an issue in this case is simply wrong. To the contrary, the collateral estoppel effects of prior judicial rulings is an issue that affects both claim construction issues and Swift's liability for infringement. Finally, Swift's argument that the construction of a claim term in one patent cannot have preclusive effect with respect to the construction of the same term in another, closely related patent (assuming the other elements of collateral estoppel are present) is simply wrong. *See*, Soff-Cut's Brief in Support of its Motion for Partial Summary Judgment at [Dkt. 129] at 9-22 and Soff-Cut's claim construction briefs [Dkts. 114, 119 and 124] at 15-24, 20 and 9-11, respectively.

LEGAL02/31241418v1

# **CONCLUSION**

For the reasons set forth herein and in Soff-Cut's initial brief, Soff-Cut's Motion to Compel should be granted.

Dated: March 30, 2009

/s/ Scott Amy
Paul A. Taufer, Esq. (PA 58,935)
Michael L. Burns, Esq. (PA 204,365)
DLA Piper US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Phone: (215) 656-3385
Fax: (215) 606-3385
paul.taufer@dlapiper.com
michael.burns@dlapiper.com

Frank G. Smith, III, Esq. (GA 657550)
Keith E. Broyles, Esq. (GA 090152)
Jason D. Rosenberg, Esq. (GA 510855)
Scott P. Amy, Esq. (GA 141416)
ALSTON & BIRD, LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
Phone: (404) 881-7000
Fax: (404) 881-7777
frank.smith@alston.com
keith.broyles@alston.com
jason.rosenberg@alston.com
scott.amy@alston.com

Tracy W. Druce, Esq. (TX 06136090)
NOVAK DRUCE & QUIGG, LLP
Wells Fargo Plaza, 53rd Floor
1000 Louisiana Street
Houston, TX 77002
Phone: (713) 571-3400
Fax: (713) 456-2836
tracy.druce@novakdruce.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SWIFT INDUSTRIES, INC. d/b/a<br>CARDINAL SAWS & BLADES<br><br>    Plaintiff,<br><br>V.<br><br>HUSQVARNA AB,<br>HUSQVARNA PROFESSIONAL<br>OUTDOOR PRODUCTS INC., and<br>SOFF-CUT INTERNATIONAL INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>)<br>) 2:07-CV-04631-PD<br>)<br>)<br>)<br>)<br>)<br>) |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing SOFF-CUT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL SWIFT TO RESPOND TO DISCOVERY REQUESTS AND TO PRODUCE NON-PRIVILEGED DOCUMENTS has been served in the manner indicated below and properly addressed to the following attorneys of record:

| | | |
|---|---|---|
| ☐ | By Hand | Frank A. Mazzeo |
| ☐ | By Facsimile | Frank A. Mazzeo, P.C. |
| ☒ | By US Postal Service (1st Class) | 808 Bethlehem Pike, Suite 200 |
| ☐ | By Overnight Delivery | Comar, PA 18915 |
| ☒ | By Email | frank@mazzeolaw.com |
| | | Counsel for Plaintiff |

| | | |
|---|---|---|
| ☐ | By Hand | Joseph C. Kohn |
| ☐ | By Facsimile | Robert LaRocca |
| ☒ | By US Postal Service (1st Class) | Craig Hillwig |
| ☐ | By Overnight Delivery | Kohn, Swift & Graf, P.C. |
| ☒ | By Email | Suite 2100 |
| | | One South Broad Street |
| | | Philadelphia, PA 19107 |
| | | rlarocca@kohnswift.com |

|   | | |
|---|---|---|
| ☐ | By Hand | chillwig@kohnswift.com |

☐ By Hand
☐ By Facsimile
☒ By US Postal Service (1st Class)
☐ By Overnight Delivery
☒ By Email

chillwig@kohnswift.com

Counsel for Plaintiff
Joseph M. Konieczny, Sr.
Meetinghouse Business Center
2260 Butler Pike, Suite 100
Plymouth Meeting, PA 19462
jkonieczny@jmkpc.com

Counsel for Plaintiff

Dated: March 30, 2009

/s/ Scott P. Amy
Scott P. Amy (GA 141416)