IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SWIFT INDUSTRIES, INC. D/B/A<br>CARDINAL SAWS & BLADES<br><br>    Plaintiff,<br><br>    v.<br><br>SOFF-CUT INTERNATIONAL, INC.<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    CIVIL ACTION<br><br>Case No. 07-4631 |

**SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO OVERRULE CLAIMS OF PRIVILEGE AND TO COMPEL DISCOVERY**

Because Soff-Cut's reply brief of yesterday, March 30th, dramatically misstates the record, Swift respectfully requests leave to file this short supplemental memorandum to clarify the record.

At pp. 3-4, Soff-Cut states (with no citation to the record) that "Swift concedes that it has taken diametrically opposing positions for purposes of asserting the attorney-client privilege and analyzing the collateral estoppel effects of prior judicial decisions with respect to whether it is a successor-in-interest to Cardinal Industries, Inc. and Green Machine Corporation."

There are no opposing positions, let alone diametrically opposing ones. Soff-Cut states: "For purposes of asserting the attorney client privilege, Swift maintains that it is the successor-in-interest to those two businesses…" (P. 3). This suggests that Soff-Cut's attorneys did not actually read Swift's response on the privilege issue before filing their reply brief. Swift does not argue, in its response on the privilege issue, that it is the legal successor in interest to those two prior companies. Nor does it need to do so in order to sustain the attorney client privilege in the documents on the privilege log, for all the reasons set forth in that response.

51118_1

Swift has taken consistent positions in this litigation. It has contended it is a legally separate entity, not the legal successor in interest. With respect to whether the Federal Circuit's 1998 reasoning applies to aspects of this case, that is a matter of whether the Federal Circuit's reasoning is sufficiently close to warrant it being found to be relevant precedent. It is not a matter of issue preclusion (collateral estoppel).[1]

                                                        Respectfully submitted,

Dated: March 31, 2009

/s/ *Robert J. LaRocca*
KOHN, SWIFT & GRAF, P.C.
By: Joseph C. Kohn,
Robert LaRocca
Craig Hillwig
Hadley P. Roeltgen
One South Broad Street, Suite 2100
Philadelphia, PA 19107
rlarocca@kohnswift.com
chillwig@kohnswift.com
hroeltgen@kohnswift.com
215-238-1700

FRANK A. MAZZEO, P.C.
By: /Frank A. Mazzeo/
    Frank A. Mazzeo, Esquire
    PA I.D. #65537

808 Bethlehem Pike, Suite 200
Colmar, PA 18915
frank@mazzeolaw.com
215-997-0248

Joseph M. Konieczny, Sr.
Meetinghouse Business Center

---

[1] Swift's Schylla and Charybdis metaphor was inartfully stated in its response, at pp. 11. Swift contends that it is Soff-Cut that is trying to box Swift in by arguing that unless Swift concedes it is the legal successor to the two earlier companies, all attorney client privilege has been lost as to the documents on the privilege log (the Schylla), but if Swift does make that concession, Soff-Cut will argue that the earlier judgment against Green Machine Corp. transfers to Swift (the Charybdis). This is a false dichotomy, for reasons set forth in Swift's response on the privilege issue.

2260 Butler Pike, Suite 100
Plymouth Meeting, PA 19462
jkonieczny@jmkpc.com
610-940-1962

Attorneys for Movants and for
Plaintiff Swift Industries, Inc. d/b/a
Cardinal Saws & Blades

51118_1

## CERTIFICATE OF SERVICE

I, Robert LaRocca, hereby certify that on March 310, 2009 a copy of the foregoing supplemental memorandum was filed electronically and is available for viewing and downloading from the Court's ECF System, which provides electronic notice to the following counsel for defendants:

> SCOTT P. AMY
> scott.amy@alston.com
>
> MICHAEL LEO BURNS, IV
> michael.burns@dlapiper.com
>
> JOSEPH J. GLEASON
> joe.gleason@alston.com
>
> JASON D. ROSENBERG
> jason.rosenberg@alston.com
>
> FRANK G. SMITH , III
> frank.smith@alston.com, judy.howard@alston.com
>
> PAUL A. TAUFER
> paul.taufer@dlapiper.com, regina.belitz@piperrudnick.com


/s/   Robert LaRocca

51118_1